703 P.2d 186
Kathy RONEY, Plaintiff-Appellant,

v.

SIRI SINGH SAHIB HARBHAJAN SINGH YOGI, Siri Singh Sahib of Sikh Dharma Brotherhood, a foreign corporation licensed to do business in New Mexico, 3HO Foundation of New Mexico, a licensed New Mexico corporation, and 3HO Foundation, a foreign corporation licensed to do business in New Mexico, Defendants-Appellees.

No. 7842.

Court of Appeals of New Mexico.

Decided May 16, 1985.

Certiorari Quashed July 24, 1985.

**90**

Michael R. Morow, Kegel, Glass, McDevitt & Morrow, Santa Fe, for plaintiff-appellant.

Asenath M. Kepler, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for defendants-appellees.

## OPINION

ALARID, Judge.

Kathy Roney (plaintiff) appeals the trial court's dismissal of her complaint against Siri Yogi, Siri Brotherhood, 3HO Foundation, and the 3HO Foundation of New Mexico (defendants). The complaint was dismissed, with prejudice, on the basis that it was not timely filed under the applicable statute of limitations, NMSA 1978, Section 37–1–8. We reverse and remand.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff filed suit on November 23, 1983. She alleged that she was a former member of the Sikh Dharma Brotherhood religion (Sikhs). Siri Yogi, according to the complaint, is the religious and administrative head of the Sikhs; the Siri Brotherhood manages the religion's activities and instruction; and the 3HO Foundations also supervise and carry out the religion's activities and instructions.

Plaintiff alleges that a specific teaching of Siri Yogi held that women were inferior to men, and must be submissive to men. Plaintiff was specifically indoctrinated with these teachings of "female submissiveness." Furthermore, Siri Yogi told plaintiff that her "personal, spiritual and psychological ... problems were centered in her ovaries, and that they therefore must be cut...."

The Complaint relates that "on or about the month of December, 1976, plaintiff was personally directed by Siri Yogi to have an operation called a laparoscopic tubal ligation," which she had performed. As a result of the procedure, plaintiff claims she was made irreversibly sterile.

The order given by Siri Yogi to have the operation was made during a thirty-day food fast, also ordered by Siri Yogi, which fast continued through the day of surgery. Additionally:

[P]laintiff was further physically and psychologically debilitated at said time and place by the physical regimen, isolation, manipulation, indoctrination, and mind and psychological control tactics of defendant Yogi, which were carried out both by himself and by other members of the Sikh religion, and the defendants Brotherhood and 3HO, under Yogi's direction and control, *and which tactics in fact rendered plaintiff incapable of understanding or perceiving the nature of what she was doing or its consequences, and which deprived her of free will.* (Emphasis added).

Plaintiff alleges that her lack of free will and comprehension concerning "the damages defendant had caused her initially occurred and then continued for at least a year and a half after she left the Sikhs on November 25, 1980" as a result of the indoctrination and other mind and body control techniques practiced upon her.

Plaintiff concludes that defendants' conduct was fraudulent, outrageous, and in breach of their duties as "spiritual counselors" of plaintiff. As a direct and proximate result of defendants' conduct, plaintiff alleges she has suffered severe and permanent physical injury "in the nature of a tubal ligation, irreversibly rendering her sterile, and she has suffered and will continue to suffer severe psychological and mental pain, anguish and distress attendant to her physical injury...."

## DISCUSSION

The sole issue on appeal is the propriety of dismissal of the complaint on the basis of the statute of limitations, Section 37–1–8. Section 37–1–8 provides that "[a]ctions must be brought ... for an injury to the person ... within three years." Neither party disputes that plaintiff's claim for relief falls within this section. Defendants' argument, which the trial court accepted, is

that the injury complained of, the compelled ligation, occurred in 1976, but that the complaint was not filed until 1983, or almost four years after the statute had run. Plaintiff argues, however, that the complaint alleges defendants' fraudulent concealment of her cause of action. Plaintiff contends that the face of the complaint alleges that the statute of limitations did not begin to run until a year and a half after November 25, 1980, when she regained her "free will and comprehension concerning the damages defendants caused her...." Plaintiff concludes that it was improper for the trial court to dismiss under these allegations.

■ Defendants' motion to dismiss was filed under NMSA 1978, Civ.P.R. 12(b) (Repl.Pamp.1980). Because the motion tests the legal sufficiency of the claim, as opposed to the facts which support it, we treat the allegations of the complaint as true for the purpose of reviewing the dismissal. *See Roybal v. White*, 72 N.M. 285, 383 P.2d 250 (1963); *Hardin v. Farris*, 87 N.M. 143, 530 P.2d 407 (Ct.App.1974). The allegations depict a relationship between plaintiff and defendants based on the Sikh religion. Defendant Yogi directed the lives of religious members, and preached the spiritual directives of the religion personally, and through the activities of the other defendants. Plaintiff was a believer and follower of the religion, and submitted herself to the spiritual guidance of defendants. Plaintiff alleges a confidential relationship existed between herself and defendants.

■ To toll the statute of limitations under the doctrine of fraudulent concealment where a confidential relationship exists, plaintiff has the burden of showing (1) that defendant, or defendants, knew of the alleged wrongful act, and concealed it from plaintiff, or had material information pertinent to its discovery which they failed to disclose, and, (2) that plaintiff did not know, or could not have known, through the exercise of reasonable diligence, of her cause of action within the limitation period. *Kern v. St. Joseph Hospital, Inc.*, 102 N.M. 452, 697 P.2d 135 (1985); *Hardin*.

We look to the complaint to see if fraudulent concealment has been alleged under this standard.

■ Plaintiff claims that defendants knew of the ligation because they ordered her to undergo the operation. Plaintiff also alleges that she did not comprehend that any wrongful actions had been taken against her until a year and a half after leaving the Sikhs. Because she alleges that the continuation of her "lack of free will and comprehension" was a direct and proximate result of defendants' mind and body control techniques, she is, in effect, also alleging that she could not have reasonably known of her cause of action within the statutory period. The allegation that defendants' techniques rendered her "incapable of understanding or perceiving the nature of what she was doing or its consequences ..." demonstrates, on the face of the complaint, that plaintiff was unaware of the function and effects of a litigation, and was also in no mental condition to perceive the extent and effects of defendants' mind and body control techniques. It is clearly alleged, furthermore, that defendants knowingly engaged in their control techniques in order to implement the doctrine of "female submissiveness." The face of the complaint does, therefore, allege that defendants concealed plaintiff's cause of action through mind and body control.

Under these circumstances, and in the absence of an evidentiary hearing, the trial court erroneously dismissed plaintiff's complaint on the basis of the statute of limitations. The trial court has not considered whether a cause of action exists for the alleged wrongs complained of, nor have we, and we express no opinion.

Reversed and remanded with instructions to reinstate plaintiff's complaint on the trial docket. Defendants shall bear the costs on appeal.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.