748 P.2d 980

**Gertrude E. SHEA, Plaintiff–Appellant,**

v.

**H.S. PICKRELL COMPANY, INC., Defendant–Appellee.**

**No. 9386.**

Court of Appeals of New Mexico.

Dec. 15, 1987.

Paul Livingston, William P. Gordon, Albuquerque, for plaintiff-appellant.

Leonard J. DeLayo, Jr., Leonard J. DeLayo, Jr., P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, Gertrude Shea (Shea), appeals from the trial court's order granting the motion of defendant H.S. Pickrell Company, Inc. (Pickrell), a mortgage lender, dismissing her amended complaint for failure to state a claim upon which relief can be granted. Shea argues that the trial court erred in granting the motion to dismiss because the amended complaint states viable claims against Pickrell for breach of duty by a mortgage lender, negligent entrustment of funds, failure to warn and protect a purchaser, and aiding, assisting and encouraging another to commit tortious acts. Because the issues raised by Shea are interrelated, we discuss them jointly. We affirm.

This action arose out of Shea's efforts to purchase a new townhouse. Shea signed a contract to buy a newly constructed residence from Samuel A. Andrade (Andrade) and Andrade Homes, Inc. (AHI). The total purchase price of the townhouse was $79,900. The purchase agreement required Shea to pay $49,900 in installments and borrow the remaining $30,000. Shea subsequently applied to Pickrell for a mortgage on the property in the amount of $30,000, and provided Pickrell with a copy of the purchase agreement. It is undisputed that Shea qualified for the loan but did not in fact actually borrow any funds from Pickrell.

After paying Andrade and AHI $69,900, Shea discovered that the property was subject to a preexisting construction loan secured by a mortgage held by Pickrell in the amount of $88,000. Pickrell's mortgage had been recorded prior to the execution of Shea's purchase agreement. When Shea was unable to secure clear title to the realty or the return of her payments from Andrade or AHI, she filed suit against Andrade, AHI, the real estate agent, Grace Andrade, the real estate broker, Dennis Fish of RECA Group, Inc., and the mortgage lender, Pickrell.

Following the filing of her initial complaint, Pickrell filed a motion to dismiss Shea's claims. The trial court granted the motion but permitted Shea to file an amended complaint. Thereafter, Pickrell again successfully moved to dismiss those counts contained in the amended complaint directed against Pickrell. Shea's actions against the remaining defendants have been stayed pending the resolution of this appeal.

The gravamen of Shea's allegations against Pickrell is that Shea paid $69,900 to Andrade "presumably with Pickrell's knowledge." Shea alleges in her amended complaint that Pickrell advanced money to Andrade and AHI, knowing that Andrade and AHI, as the builder and seller, were having financial difficulties; that Pickrell knew or should have known that Andrade and AHI were using funds received from Pickrell and Shea in a manner which created a foreseeable risk of harm to Shea; and that Pickrell "aided, assisted and encouraged" Andrade and AHI in order to shift the risk of loss. Shea further alleges that the damages suffered by her were a direct and foreseeable consequence of Pickrell's failure to warn her of the risk of loss she had incurred under the purchase agreement, and of Pickrell's failure to exercise ordinary care to avoid assisting, aiding, and encouraging Andrade and AHI in taking unfair advantage of Shea.

The pivotal question presented on appeal involves the scope of a construction lender's duty to protect a third-party purchaser from the tortious acts of a borrower or seller. This question presents a matter of first impression in this jurisdiction.

■ A motion to dismiss under SCRA 1986, 1–012(B)(6) is intended to test only the law of the claims contained in the complaint and not the facts which support it. *Roney v. Siri Singh Sahib Harbhajan Singh Yogi*, 103 N.M. 89, 703 P.2d 186 (Ct.App.1985); *Trujillo v. Puro*, 101 N.M. 408, 683 P.2d 963 (Ct.App.1984); *Gonzales v. United States Fidelity & Guar. Co.*, 99 N.M. 432, 659 P.2d 318 (Ct.App.1983). A motion to dismiss is properly granted only when it appears that plaintiff cannot recover or be entitled to relief under any state of facts provable under the claim. *Johnson v. Francke*, 105 N.M. 564, 734 P.2d 804 (Ct. App.1987); *Nassar v. Utah Mortgage & Loan Corp.*, 100 N.M. 419, 671 P.2d 667 (Ct.App.1983). In ruling upon a motion to dismiss for failure to state a claim upon which relief may be granted, we assume as true all facts which are well pled, and the complaint must be construed in a light most favorable to the party opposing the motion and with all doubts resolved in favor of the sufficiency of the complaint. *Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n*, 85 N.M. 718, 516 P.2d 689 (1973); *Pillsbury v. Blumenthal*, 58 N.M. 422, 272 P.2d 326 (1954).

■ In order for a failure to act to be negligent, there must be an omission to do an act which one is under a duty to perform and which a reasonably prudent person in the exercise of ordinary care would do. *White v. City of Lovington*, 78 N.M. 628, 435 P.2d 1010 (Ct.App.1967). Whether or not negligence has occurred is generally a question of fact; however, a finding of negligence is dependent upon the existence of a duty on the part of defendant. SCRA 1986, 13–1601; *Schear v. Board of County Comm'rs*, 101 N.M. 671, 687 P.2d 728 (1984). Whether a duty exists is a question of law. *Karbel v. Francis*, 103 N.M. 468, 709 P.2d 190 (Ct.App.1985); *Harmon v. Atlantic Richfield Co.*, 95 N.M. 501, 623 P.2d 1015 (Ct.App.1981).

■ Under what circumstances does a construction lender have a duty to disclose the financial condition of one of its customers to another customer? As a general rule, a duty on the part of a lender to disclose facts to a customer-borrower may arise if a fiduciary or confidential relationship exists between the parties and one party to the transaction has superior knowledge not possessed by the other party, possesses information that could not be discovered by the exercise of reasonable diligence, or has knowledge that the other party is acting under a mistaken belief as to a material fact. *See Krupiak v. Payton*, 90 N.M. 252, 561 P.2d 1345 (1977); *see generally Gammill v. United States*, 727 F.2d 950 (10th Cir.1984) (in absence of special relationship between the parties, one party generally does not have a legal duty to protect another from harm unless a special relationship exists between the parties or the first party placed the other in a situation of peril); *see also Tipton v. Texaco, Inc.*, 103 N.M. 689, 712 P.2d 1351 (1985) (the extent of a party's duty to another varies with the nature of the circumstances

and according to the degree of control exercised).

■ In the absence of special circumstances, a lender is generally under a duty not to disclose the financial condition of its customers. *Richfield Bank & Trust Co. v. Sjogren,* 309 Minn. 362, 244 N.W.2d 648 (1976). *See also MacKenzie v. Summit Nat'l Bank,* 363 N.W.2d 116 (Minn.App. 1985) (bank under no obligation to disclose the poor financial condition of its depositor to respondent surety where depositor was not irretrievably insolvent and where respondent was not relying upon bank for advice). In *Sjogren,* the Minnesota Supreme Court held that where a bank approves a loan application for a borrower and has actual knowledge that one of its depositors is insolvent and engaged in fraudulent activity, it has an affirmative duty to disclose those facts to the borrower before making the loan. The court further held, however, that in determining whether a bank has actual knowledge of alleged improper acts on the part of a depositor, knowledge of insolvency is not necessarily equivalent to knowledge of fraud. *Id.*

In *Connor v. Great Western Sav. & Loan Ass'n,* 69 Cal.2d 850, 73 Cal.Rptr. 369, 447 P.2d 609 (In Bank 1968), the California Supreme Court recognized a right of action for lender liability where a lender was found to be "more than a lender content to lend money at interest on the security of real property" and instead had engaged in activities making it "an active participant in a home construction enterprise." 69 Cal.2d at 864, 73 Cal.Rptr. at 376, 447 P.2d at 616.

Shea urges this court to apply the result reached in *Connor* to the instant case, contending that Pickrell was closely involved with the other defendants and owed her a duty of care to protect her from the tortious acts of Andrade and AHI.

■ The holding in *Connor* is not, however, applicable to the instant case because in the instant case Shea did not allege that she consummated the loan from Pickrell. Thus, Shea has failed to establish the existence of a duty on the part of Pickrell to protect her from Andrade's alleged tortious acts. *See Karbel v. Francis.*

The allegations contained in the amended complaint do not bring Pickrell within the special circumstances recognized in *Sjogren* so as to subject Pickrell to a viable claim of lender liability. Shea did not allege: that Pickrell actually made a loan to her; that she and Pickrell were in a fiduciary or confidential relationship; that Pickrell had actual knowledge of Andrade's insolvency; or that Pickrell had actual knowledge that Andrade and AHI were engaged in fraudulent activity. Instead, Shea alleged that Pickrell "knew that [Andrade and AHI] * * * [were] having difficulty meeting its obligations as they came due." Nor has Shea alleged that Pickrell's failure to disclose Andrade's or AHI's financial condition induced her to enter into the purchase agreement with Andrade and AHI. On the contrary, Shea admitted that she had already signed the purchase agreement with Andrade and AHI before she approached Pickrell for the loan. Under these circumstances, Shea's amended complaint fails to allege sufficient matters to indicate that Pickrell had a duty to Shea to disclose or warn of Andrade's and AHI's financial condition at any time material herein. *See generally* 4 Restatement (Second) of Torts, § 876 comment c (1979); Annotation, *Finance Company's Liability in Connection with Consumer Fraud Practices of Party Selling Goods or Services,* 18 A.L.R.4th 824 (1982 & Supp.1987).

The amended complaint did not allege matters indicating the existence of a fiduciary relationship between Pickrell and Shea. Moreover, Shea does not contest that Pickrell's mortgage was properly recorded prior to the time she signed the purchase agreement with Andrade and AHI. NMSA 1978, § 14-9-2; *see also In re Estates of Salas,* 105 N.M. 472, 734 P.2d 250 (Ct.App. 1987).

Shea also argues that Pickrell was under an affirmative duty not to aid, assist or encourage the seller to commit a tortious act. Shea, however, cannot recover if Pickrell owed her no duty. We have already determined Pickrell had no duty to disclose

the financial condition of Andrade or AHI or the existence of the preexisting recorded mortgage to Shea. Since a finding of negligence depends on the existence of a duty, *Schear v. Board of County Comm'rs,* Shea cannot recover as a matter of law under the facts alleged.

The trial court correctly determined, based upon the allegations of the amended complaint, that Pickrell assumed no duty to protect Shea from the builder's tortious acts and, under the facts alleged, Pickrell assumed no duty to Shea by merely qualifying her for a mortgage loan. The trial court's order dismissing the claims against Pickrell is affirmed. Pickrell is awarded its costs incident to this appeal against Shea. We deem oral argument unnecessary. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.