814 P.2d 115

**Theresa McDERMITT, individually and as personal representative of the Estate of Joseph Ortiz, Deceased, Plaintiff–Appellee,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA, John Rees, and Ernest Godsey, Defendants–Appellants.**

**No. 12622.**

Court of Appeals of New Mexico.

March 28, 1991.

Michael E. Vigil, Santa Fe, for plaintiff-appellee.

Dennis P. Murphy, Montoya, Murphy, Kauffman & Garcia, Santa Fe, for defendants-appellants.

OPINION

HARTZ, Judge.

We granted this interlocutory appeal in conjunction with the interlocutory appeal in *Ortiz v. New Mexico State Police,* 112 N.M. 249, 814 P.2d 117 (Ct.App.1991) to consider the circumstances, if any, in which the New Mexico Tort Claims Act, NMSA 1978, Sections 41–4–1 through –27 (Repl. Pamp.1989), waives immunity from liability for law enforcement officers who have negligently supervised or trained their subordinates. In *Ortiz* we are holding that when subordinate officers have committed

one of certain specified torts, the Tort Claims Act does not provide immunity to supervisory law enforcement officers whose negligent training or supervision of the subordinates was a proximate cause of the tort. Here we hold that when personal injury results from a violation by subordinate officers of rights secured by the constitution or laws of the United States or New Mexico, then the Act waives immunity for negligent supervision or training by superior law enforcement officers that proximately causes the violation. We emphasize, however, that immunity is not waived for negligent training and supervision standing alone; such negligence must cause a specified tort or violation of rights.

Plaintiff's complaint alleges that her son committed suicide while incarcerated in the Santa Fe Detention Center. The complaint's first cause of action claims that the conduct of several employees of Corrections Corporation of America (CCA), the private corporation operating the detention center at the time, violated rights of the decedent under the United States and New Mexico Constitutions. The second cause of action alleges that CCA and two of its employees, the administrator of the detention center and the chief of security, negligently failed to train and supervise their subordinates in the proper care of prisoners at the center.

Defendants moved for partial summary judgment with respect to Count II. The district court denied the motion. Although there were contentions by the parties regarding the factual basis of the claim of negligent training and supervision, on appeal defendants argue only that plaintiff has no cause of action for negligent training or supervision because of the immunity granted defendants by the Tort Claims Act.[1]

■ The Tort Claims Act provides public employees with immunity from liability for any tort except when immunity is specifically waived in the Act. *See* § 41–4–4(A).

Plaintiff relies on the waiver of immunity provided in Section 41–4–12, which states:

> The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

The district court's letter opinion interprets *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980) and *Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987), as holding that immunity is waived by Section 41–4–12 whenever personal injury is caused by a law enforcement officer's negligent failure to properly train and supervise subordinates. We do not so read our supreme court's decisions.

The language of Section 41–4–12 explicitly ties the waiver of immunity to certain torts or violations of rights. *Silva* did not construe Section 41–4–12. As for *Methola,* we summarized that decision and its progeny in *Ortiz.* We point out only that in *Methola* and *Schear v. Board of County Commissioners,* 101 N.M. 671, 687 P.2d 728 (1984), the personal injury clearly was caused by a tort listed in Section 41–4–12; and in *California First Bank v. State,* 111 N.M. 64, 801 P.2d 646 (1990), the supreme court focused on the fact that the personal injury resulted from a violation of a right secured under New Mexico statutory law. We reject the overly broad construction of Section 41–4–12 stated in the district court's letter opinion. In this case plaintiff cannot recover for negligent training or supervision in the absence of either a tort listed in Section 41–4–12 or a deprivation of a right secured by the federal or state constitution or laws.

---

1. None of the parties contests the applicability of the Tort Claims Act to the private jailers. *See* NMSA 1978, § 33–3–28 (Repl.Pamp.1990). Also, no party has raised as an issue the status of CCA under the Act.

Despite our disagreement with the district court's reasoning, we do not reverse the denial of defendants' motion to dismiss the second cause of action. The second cause of action incorporates the allegations in the first cause of action. In our view the complaint can reasonably be construed as alleging that defendants' negligent training and supervision of their subordinates caused the subordinates to deprive plaintiff's son of rights secured under the United States and New Mexico Constitutions and that the deprivation of rights resulted in personal injury and death to her son. *See Shea v. H.S. Pickrell Co.*, 106 N.M. 683, 748 P.2d 980 (Ct.App.1987) (all doubts are to be resolved in favor of sufficiency of complaint). In *Ortiz* we are holding that the Tort Claims Act waives immunity for negligent training and supervision by a law enforcement officer that causes the commission by a subordinate law enforcement officer of a tort listed in Section 41–4–12. That holding, together with the language of Section 41–4–12—which treats identically the commission of a listed tort and the deprivation of rights secured by federal or state law—requires affirming the sufficiency of plaintiff's second cause of action against the challenge raised in defendants' appeal. Our affirmance, of course, is without prejudice to further factual or legal challenges to plaintiff's second cause of action.

CONCLUSION

For the above reasons we affirm the district court's denial of defendants' motion to dismiss the second cause of action and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

MINZNER, J., concurs.

BIVINS, J., dissents.

BIVINS, Judge (dissenting).

I respectfully dissent and adopt my dissent in *Ortiz v. New Mexico State Police*, 112 N.M. 249, 814 P.2d 117 (Ct.App.1991).