986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laura REED, Plaintiff-Appellant,
v.
John BARNES, individually and doing business as Myofascial
Release Treatment Center and/or Myofascial Release
Treatment Seminars; Rehabilitation
Services, Inc., Defendants-Appellees.
 No. 92-2082.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P.34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Laura Reed appeals the district court's grant of summary judgment to Defendants John Barnes, individually and doing business as Myofascial Release Treatment Center and/or Myofascial Release Treatment Seminars, and Rehabilitation Services, Inc. The district court determined that plaintiff's complaint was filed outside the New Mexico three-year statute of limitations for personal injuries, N.M.Stat.Ann. § 37-1-8, and therefore, defendants were entitled to judgment as a matter of law.
 
 
 3
 Plaintiff and defendant Barnes are both physical therapists. In March 1985, plaintiff sought physical therapy treatment by defendant for a low back injury which was causing her pain and discomfort. It appears that plaintiff, impressed with defendant's new treatment technique, myofascial release, not only sought treatment for herself, but subsequently became a student and an instructor of defendant's philosophy and method of treatment. She traveled to Arizona, New Jersey, and Pennsylvania in order to participate in defendant's seminars. Plaintiff instructed at seminars conducted by defendant in Nevada, Florida, Utah, Arizona, New Mexico, Hawaii, and California.
 
 
 4
 Plaintiff contends that during this period of time, she entered into a sexual relationship with defendant. Plaintiff admits that she felt the relationship was wrong, and she felt "bad and disgusting." Appellant's Brief at 18. Despite these negative feelings, plaintiff continued the relationship for two years until August 1987. Defendant Barnes does not deny the sexual relationship, but insists that plaintiff was at all times during the two-year relationship, a willing and consensual participant. He further denies that he represented to plaintiff that the sexual encounters were part of her physical therapy treatment.
 
 
 5
 In the fall of 1989, plaintiff sought individual and group therapy from Nelda Duffy, a psychotherapist. During the course of therapy, plaintiff began to have memories of sexual abuse as a child by her grandfather which she claims were suppressed until revealed through these therapy sessions. Plaintiff also contends that during her therapy she realized that because of her alleged abuse as a child, her sexual relationship with defendant was molesting and abusive.[1]
 
 
 6
 On November 14, 1990, plaintiff brought suit against defendants in federal district court based on diversity of citizenship under 28 U.S.C. § 1332. In her complaint plaintiff asserts claims against defendants for professional negligence, battery, and intentional infliction of emotional distress, arising out of the sexual relationship with defendant Barnes. The district court granted summary judgment to all defendants and dismissed the action as barred by New Mexico's three-year statute of limitations for personal injury claims. N.M.Stat.Ann. § 37-1-8. Plaintiff appeals, and we affirm.
 
 STANDARD OF REVIEW
 
 7
 Our review of the district court's grant of summary judgment involves the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 STATUTE OF LIMITATIONS
 
 8
 Plaintiff concedes that the applicable time limitation is found at N.M.Stat.Ann. § 37-1-8 which provides:
 
 
 9
 Actions must be brought against sureties on official bonds and on bonds of guardians, conservators, personal representatives and persons acting in a fiduciary capacity, within two years after the liability of the principal or the person from whom they are sureties is finally established or determined by a judgment or decree of the court, and for an injury to the person or reputation of any person, within three years.
 
 
 10
 Plaintiff asserts that she did not "discover, and reasonably could not have discovered" her alleged injury until, through mental health therapy, she learned that she had been sexually abused and molested by defendant. Appellant's App. at 2. She contends that her complaint in this action was filed within three years of this "discovery" and therefore her action should not be barred.
 
 
 11
 Although not codified, New Mexico has judicially adopted a form of the "discovery rule" in medical malpractice cases. See Roberts v. Southwest Community Health Servs., 837 P.2d 442, 449-50 (N.M.1992) (holding that a medical malpractice cause of action accrues when plaintiff discovers, or with reasonable diligence should have discovered, that a cause of action exists). A cause of action for personal injury not involving medical malpractice, however, accrues at the time of injury. Id. at 449. " '[T]he limitation period begins to run from the time the injury manifests itself in a physically objective manner and is ascertainable.' " Crumpton v. Humana, Inc., 661 P.2d 54, 55 (N.M.1983) (quoting Peralta v. Martinez, 564 P.2d 194, 197 (N.M.Ct.App.), cert. denied, 567 P.2d 485 (1977)). Plaintiff asserts that her alleged injury did not become ascertainable until the therapy made her realize she had been injured. Under New Mexico law, an injury is not ascertainable when it is "inherently unknowable." Bolden v. Village of Corrales, 809 P.2d 635, 636 (N.M.Ct.App.1990).
 
 
 12
 The facts of this case are distinguishable from those medical malpractice cases in which the injury does not manifest itself or become ascertainable until years after the act of malpractice occurs. See, e.g., Roberts, 837 P.2d 442; Peralta, 564 P.2d 194. Case law interpreting New Mexico's Medical Malpractice Act, N.M.Stat.Ann. §§ 41-5-1 to -28, is inapposite, and plaintiff's reliance on these cases is misplaced.
 
 
 13
 This case is likewise distinguishable from recent cases involving repressed memories of childhood sexual abuse which resurface when the victims are adults. See, e.g., Hoult v. Hoult, 792 F.Supp. 143, 145 (D.Mass.1992) (applying discovery rule to incest cases when victim has no memory of sexual abuse until after statute of limitations has run); Hewczuk v. Sambor, 803 F.Supp. 1063, 1064-65 (E.D.Penn.1992) (applying discovery rule to case of childhood sexual abuse). This is also not a case where a psychotherapist abused his position by taking advantage of a transference phenomenon. See Simmons v. United States, 805 F.2d 1363, 1365 (9th Cir.1986) (malpractice occurs when a therapist becomes sexually involved with a patient who is exhibiting a transference reaction to the therapist).[2] As the district court noted, the tolling of time limitations applicable to these cases may be of some help in an action against plaintiff's grandfather, but has no applicability here. Appellant's App. at 139 n. 1.
 
 
 14
 The alleged sexual abuse of which plaintiff accuses the defendant did not occur while plaintiff was a child when it could be assumed that plaintiff would be unaware of the wrongful character of the behavior or powerless to stop it. Accepting plaintiff's view of the facts as true, plaintiff has failed to establish that the alleged injury was not apparent and ascertainable during the relationship from 1985 to 1987. The district court concluded that the statute of limitations began to run on plaintiff's cause of action in 1985. Even if we were to push accrual to August 1987, when contact between the parties ceased, her lawsuit, filed in November 1990, was filed outside the statute of limitations. Therefore, summary judgment for defendants was appropriate.
 
 DENIAL OF LEAVE TO AMEND COMPLAINT
 
 15
 Finally, plaintiff argues that she should have been allowed to amend her complaint to assert a claim for fraudulent concealment. Rule 15(a) of the Federal Rules of Civil Procedure allows the court to grant leave to amend a complaint, after lapse of the permissive period, "when justice so requires." A district court's denial of leave to amend a complaint is reviewed for an abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992).
 
 
 16
 Under New Mexico law, the doctrine of fraudulent concealment tolls the statute of limitations if plaintiff can establish that defendant knew of the wrongful act and concealed it from plaintiff, or failed to disclose material information pertinent to its discovery, and that plaintiff could not have known within the limitations period, through the exercise of reasonable diligence, that the cause of action existed. See Roney v. Siri Singh Sahib Harbhajan Singh Yogi, 703 P.2d 186, 188 (N.M.Ct.App.), cert. quashed, 702 P.2d 1007 (N.M.1985) (table). We must look to the complaint to see if plaintiff has met this burden. Id.
 
 
 17
 Plaintiff's amended complaint makes a conclusory allegation that defendant concealed the wrongful nature of the relationship from plaintiff. Appellant's App. at 144. The amended complaint contains the same facts alleged in the original complaint. We conclude, therefore, that the grant of a motion to amend to allow plaintiff to assert the fraudulent concealment claim would have been futile. See Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir.1990) (if proposed amended complaint could not withstand a motion to dismiss, or otherwise fails to state a claim, the district court is justified in refusing to allow amendment).
 
 
 18
 The district court's order denying plaintiff's motion for leave to amend her complaint fails to set forth its reasoning for the decision. Appellant's App. at 182-83. A denial of leave to amend a complaint must be supported by a reason for the refusal. Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir.1987). However, when, as here, the reason for the denial is readily apparent, the failure of the district court to state a specific reason is harmless error. See Long v. United States, 972 F.2d 1174, 1183 (10th Cir.1992). Accordingly, the district court's denial of leave to amend the complaint does not constitute abuse of the court's discretion.
 
 
 19
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff claims that during her physical therapy treatment, another physical therapist suggested that she may have been a childhood sexual abuse victim. She claims that defendant knew of this possibility
 
 
 [2]
 Transference involves a patient projecting feelings, thoughts, and desires onto the therapist, who begins to represent a person from the patient's past. Simmons, 805 F.2d at 1364