This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37651**

**DAVID SHAYKIN,**

      Plaintiff-Appellant,

v.

**PROGRESSIVE CASUALTY
INSURANCE COMPANY,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
C. Shannon Bacon, District Judge**

Business Law Southwest LLC
David A. Richter
Alicia M. McConnell
Donald F. Kochersberger III
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
Daniel J. O'Brien
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**    David Shaykin (Plaintiff) appeals from the district court's order granting summary judgment in favor of Progressive Casualty Insurance Company (Progressive) on Plaintiff's claims for violation of NMSA 1978, Section 57-12-10(B) of the Unfair Practices

Act (UPA) and breach of the common law duty of good faith and fair dealing. Plaintiff raises a number of issues on appeal. Unpersuaded, we affirm.

## BACKGROUND

{2}	The relevant facts are undisputed. Plaintiff owned a car insured by Progressive with a policy that included liability, comprehensive, and collision coverage. On December 3, 2014, Plaintiff purchased an additional vehicle, an SUV. That same day, Plaintiff spoke with a Progressive representative about adding the SUV to his policy. After receiving a price quote for maintaining the same coverage on both vehicles, Plaintiff told the Progressive representative that he would be selling the car soon and only needed liability coverage for the car. Progressive faxed updated insurance documents to Plaintiff that reflected the requested changes—liability coverage for the car, and liability, comprehensive, and collision coverage for the SUV. After receiving these updated documents, Plaintiff did not contact Progressive to question or contest the scope of his coverage. Plaintiff next contacted Progressive on December 15, 2014, when he reported that his car had been stolen. Progressive informed Plaintiff that theft was not a covered loss because his car was no longer insured for comprehensive coverage. Although the stolen car was recovered, Plaintiff alleged that it was damaged as a result of the theft.

{3}	Following Progressive's denial of coverage, Plaintiff filed a claim against Progressive for violation of the UPA, violation of the New Mexico Insurance Code, and breach of the duty of good faith and fair dealing. After close of discovery, Progressive filed a motion for summary judgment on all of Plaintiff's claims. In response to Progressive's motion, Plaintiff argued that he relied on statements on Progressive's website that "experts are only a phone call away," and that these statements gave rise to a duty for Progressive to advise him about the effects of his requested changes to coverage. Plaintiff submitted screenshots of the Progressive website with those statements to the district court and provided an affidavit stating that he did not intend to remove theft coverage from his policy. Plaintiff's affidavit made no mention of the statements found on Progressive's website. Following a hearing, the district court granted Progressive's motion and dismissed all claims.

## DISCUSSION

{4}	On appeal, Plaintiff argues that the district court erred in granting summary judgment by (1) dismissing Plaintiff's UPA claim for lack of evidence of detrimental reliance on Progressive's allegedly false statements; (2) finding that Progressive did not owe a duty to advise Plaintiff about the effects of changing his coverage as requested; and (3) dismissing Plaintiff's claim for breach of the duty of good faith and fair dealing because Progressive failed to adequately inform Plaintiff of the changes made to his coverage. We address each argument in turn.

**Standard of Review**

**{5}** "In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. "By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Goodman v. Brock*, 1972-NMSC-043, ¶ 8, 83 N.M. 789, 498 P.2d 676. "Once this prima facie showing has been made, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). "A party may not simply argue that such [evidentiary] facts might exist, nor may it rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462.

**{6}** Although summary judgment is viewed with disfavor in New Mexico, *Romero*, 2010-NMSC-035, ¶ 8, it "is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (internal quotation marks and citation omitted). Summary judgment "serves a worthwhile purpose in disposing of groundless claims, or claims which cannot be proved, without putting the parties and the courts through the trouble and expense of full[-]blown trials on these claims." *Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 30, 409 P.3d 930 (alteration, internal quotation marks, and citation omitted). "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548.

## I. Plaintiff's UPA Claim Fails Because He Provided No Evidence of Any Connection Between Progressive's Statements and His Damages

**{7}** The district court dismissed Plaintiff's UPA claim because Plaintiff brought forth no evidence that he detrimentally relied on any alleged misrepresentations by Progressive. Because New Mexico does not require detrimental reliance for a valid UPA claim, *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 22, 135 N.M. 265, 87 P.3d 545, Plaintiff claims that the district court plainly erred by dismissing his UPA claim on that basis. As we explain, we affirm the district court because Plaintiff invited this error and cannot now complain of it; and regardless of the error, Plaintiff's UPA claim fails as a matter of law for lack of causation.

**{8}** The UPA provides a statutory right for consumers who claim losses due to an unfair trade practice to bring a claim for actual or statutory damages. Section 57-12-10(B). In relevant part, the UPA states:

> Any person who suffers any loss of money or property, real or personal, *as a result of* any employment by another person of a method, act or practice declared unlawful by the [UPA] may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.

*Id.* (emphasis added). Consistent with the national trend of consumer protection statutes and the language of the UPA, a plaintiff "need not allege or prove that [he or] she relied on [a d]efendant's purported deceptive conduct in order to recover[.]" *Smoot*, 2004-NMCA-027, ¶ 22. However, a plaintiff must establish "a causal connection between the deceptive practice and the claimant's damages[.]" *Id.* ¶ 20. This causal connection "requires a nexus between a defendant's conduct and a plaintiff's loss[.]" *Id.* (internal quotation marks and citation omitted).

## A.      Invited Error

{9}      Although Section 57-12-10(B) of the UPA requires a causal connection to, rather than reliance on, the alleged deceptive practice, the district court granted summary judgment and dismissed Plaintiff's UPA claim because Plaintiff "did not . . . introduce evidence of [his] reliance upon any representation made by Progressive." Plaintiff argues that because the UPA does not require reliance, the district court's dismissal constitutes reversible error.

{10}    We are unpersuaded. Plaintiff himself argued that he relied on Progressive's statements to his detriment, and "[a] party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal." *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334; *see also Harper v. Harper*, 1950-NMSC-024, ¶ 3, 54 N.M. 194, 217 P.2d 857 ("Counsel may not lead the trial court into error and then complain of it."). In other words, Plaintiff himself placed his purported detrimental reliance at issue by opting to argue it in the context of his UPA claim.

{11}    More specifically, Plaintiff argued to the district court that Progressive's statements on its website "*induced Plaintiff's reliance* on [Progressive] through false representations about the nature and quality of its phone representatives in assisting both actual and potential insureds." (Emphasis added.) However, Plaintiff's supporting affidavit made no mention of Progressive's allegedly false statements or his reliance thereon. In any event, following Plaintiff's argument, the district court reasoned that Plaintiff's UPA claim failed because of the complete lack of evidence to support Plaintiff's claim of reliance on any statements made by Progressive:

> The [Progressive statements] that [P]laintiff is hanging his hat on today are not remotely mentioned in the affidavit. It's merely argument of counsel. There's no factual support to tie those [statements] to any action that . . . [P]laintiff took in this case, or inaction, for that matter; . . . [Plaintiff's] affidavit falls short of meeting the legal argument that's been presented.

{12}    To the extent that it was error for the district court to dismiss the UPA claim for lack of evidence to support reliance, Plaintiff invited such error and cannot now complain of the district court's ruling on this issue.

## B.      Lack of Causation

**{13}** Moreover, putting Plaintiff's invited error aside, his UPA claim fails as a matter of law because he did not produce any evidence of "a causal connection between the deceptive practice and [his] damages[,]" as required. *See Smoot*, 2004-NMCA-027, ¶ 20.

**{14}** "[W]e can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties." *Romero v. Bd. of Cty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 (citing *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154). However, "we will not rely on this doctrine if doing so would be unfair to the appellant." *State v. Gomez*, 2003-NMSC-012, ¶ 7, 133 N.M. 763, 70 P.3d 753. Here, Plaintiff brought a claim under the UPA that required evidence of causation, *see Smoot*, 2004-NMCA-027, ¶ 20, and the record shows that he failed to provide any evidence of such. Because we need not look beyond the presentations below, we may affirm the district court's dismissal of Plaintiff's UPA claim for lack of causation.

**{15}** Detrimental reliance can establish a causal connection sufficient for a UPA claim, as Plaintiff attempted to demonstrate in this case. *See, e.g.*, *Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶¶ 2, 22, 124 N.M. 606, 953 P.2d 1104 (discussing a plaintiff's UPA claim against a car manufacturer based on allegations that he detrimentally relied on its representations of quality when he bought a car that failed to meet the quality of goods represented). However, Plaintiff's affidavit made no mention of Progressive's allegedly deceptive statements and lacked any facts that could provide evidence of a connection between Progressive's statements and Plaintiff's damages. This includes evidence of causation based upon detrimental reliance. Because "arguments of counsel are not evidence upon which a trial court can rely in a summary judgment proceeding[,]" *V.P. Clarence Co. v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722, Plaintiff's arguments alone were insufficient to provide evidence of causation as required for claims brought under Section 57-12-10(B). Consequently, we conclude that the district court's grant of summary judgment on Plaintiff's UPA claim was not erroneous. Although Plaintiff argued that he detrimentally relied on statements by Progressive, his argument was insufficient to establish causation because no evidence showing such reliance was offered upon which the district court could have reached the conclusion sought by Plaintiff.

## II. Progressive Did Not Owe a Duty to Advise Plaintiff of the Effects of His Requested Modification of Coverage

**{16}** Plaintiff argues that the district court erred in finding that Progressive did not have a duty to advise him regarding the potential effects of changing his policy in the manner he requested. Specifically, Plaintiff claims that this duty arises because of (1) the disparity in knowledge between the parties; (2) Plaintiff's mistaken belief about the scope of liability coverage; and (3) Progressive's statements on its website promoting its expertise. We address each of these arguments in turn.

**{17}** First, relying on our Supreme Court's opinion in *Salas v. Mountain States Mutual Casualty Co.*, 2009-NMSC-005, 145 N.M. 542, 202 P.3d 801, Plaintiff claims that Progressive owed a duty to advise Plaintiff of the effect of changing his coverage because of the disparity in knowledge between himself and Progressive. In *Salas*, the plaintiff, injured in a car accident, was entitled to benefits under the driver's insurance policy as a passenger in the insured vehicle—that is, as a class-two insured. *Id.* ¶¶ 2, 14. However, as a class-two insured, the plaintiff did not have access to the terms of the policy that covered the accident. *See id.* ¶¶ 2-3. Our Supreme Court held that insurers owe a "duty of disclosure[,] . . . premised on the principle of fundamental fairness," of the terms and conditions of coverage, including a duty of disclosure to a party to an insurance contract and to a third-party beneficiary of the contract. *Id.* ¶ 16. The duty of disclosure "may be fulfilled simply by providing the known class-two insured with a copy of the policy or some other documentation of its terms." *Id.* ¶ 17 (internal quotation marks and citation omitted).

**{18}** We fail to see how *Salas* supports Plaintiff's contention that Progressive had a duty to inform him of the potential effects of the changes he requested to his policy. *Salas* concerned an insurer's duty to disclose the terms of an existing policy to one entitled to benefits under that policy. The duty articulated in *Salas* is not implicated here, where Plaintiff was not seeking information regarding benefits to which he was entitled, but was instead deciding the extent of auto coverage he wanted for his current car after purchasing a new SUV. To the extent that *Salas* imposed a duty on Progressive here, Progressive fulfilled its duty when it provided Plaintiff with "a copy of [his] policy or some other documentation of its terms." *Id.*

**{19}** Other than his reliance on *Salas*, Plaintiff offers no authority to support his claim that Progressive had a duty to advise him regarding the effects of changing coverage; we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We therefore conclude that the district court did not err in finding that Progressive owed no such duty to Plaintiff.

**{20}** Second, Plaintiff alleges that Progressive had a duty to advise him about the effect of changing coverage because "it should have been evident to the Progressive agent that [Plaintiff] was acting under a mistaken belief when he stated that he thought he only needed liability coverage."[1] We disagree. Absent special circumstances, "the insured, and not the insurance company, bears the burden of managing his business affairs, including insurance coverage." *State Farm Fire & Cas. Co. v. Price*, 1984-NMCA-036, ¶ 36, 101 N.M. 438, 684 P.2d 524, *overruled on other grounds by Ellingwood v. N.N. Inv'rs Life Ins. Co.*, 1991-NMSC-006, ¶ 17, 111 N.M. 301, 805 P.2d 70. While a duty to disclose may arise if one party "has knowledge that the other party is

---

[1]Plaintiff claims that statements on Progressive's website acknowledging that "comprehensive is commonly confused with collision" coverage are evidence of Plaintiff's alleged mistaken beliefs about his coverage and the disparity in knowledge between the parties. However, any potential confusion between comprehensive and collision coverage is irrelevant because Plaintiff cancelled both of these, keeping only his liability coverage.

acting under a mistaken belief as to a material fact[,]" we see nothing in the record to impute such knowledge to Progressive. *Shea v. H.S. Pickrell Co.*, 1987-NMCA-149, ¶ 8, 106 N.M. 683, 748 P.2d 980. After receiving quotes for the increased cost to add his new SUV to his insurance, Plaintiff told the Progressive representative:

> I can just have the liability on [the car] . . . [I'm] not gonna be driving it. . . . I'm gonna sell that as soon as I can. . . . So I don't really need the insurance on it, except to drive it around and actually only need liability[.]

Progressive provided Plaintiff with an updated quote, and Plaintiff replied, "Good enough." Plaintiff did not ask the Progressive representative any questions about his policy other than price. Although Plaintiff's affidavit alleges that he did not intend to remove theft coverage from his policy, he does not identify any statements or questions from the phone call that should have alerted Progressive to this alleged mistaken belief, and our own review of the record reveals no such evidence. Without notice of Plaintiff's mistaken belief, Progressive had no duty to counsel Plaintiff to correct it. Therefore, it was not error for the district court to find that Progressive owed Plaintiff no duty to advise him about the effects of changing his coverage.

**{21}** Third, Plaintiff relies on out-of-state authority to argue that Progressive's statement on its website that "experts are only a phone call away" triggered a duty for Progressive to advise Plaintiff about the effect of his requested policy changes. At the hearing on Progressive's motion, the district court asked Plaintiff for New Mexico authority to support his argument; Plaintiff conceded that there was none. On appeal, Plaintiff again presents this argument, again citing only out-of-state authority. To the extent that Plaintiff's argument asks us to consider expanding New Mexico's law on the duties owed by insurers, we decline to do so. When consideration of duty involves a new cause of action, "courts must articulate specific policy reasons . . . when deciding whether a defendant does or does not have a duty." *Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 2014-NMSC-014, ¶ 25, 326 P.3d 465. Plaintiff does not present us with any policy arguments for expansion of New Mexico law on this issue and, without such development, we will not consider it further. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments.").

**{22}** Concluding that there was no error, we affirm the district court's finding that Progressive did not have a duty to advise Plaintiff about the effects of changing his policy in the manner he requested.

### III. Plaintiff's Unpreserved Argument That the Documents Provided Breached Progressive's Duty of Good Faith and Fair Dealing

**{23}** Plaintiff argues for the first time on appeal that Progressive breached its duty of good faith and fair dealing by failing to adequately inform Plaintiff of the changes made to his coverage. Specifically, Plaintiff claims that the updated insurance documents

faxed to Plaintiff after his phone call with Progressive are "confusing and do not state what specific coverage was changed, removed, or added."

**{24}** Plaintiff has failed to direct us to where he preserved this argument. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Our own review of the record finds no indication that Plaintiff ever presented this argument to the district court, and therefore we need not consider this issue raised for the first time on appeal. However, even if Plaintiff had properly preserved this argument, we disagree with Plaintiff's claim that the documents provided were insufficient to inform him that Progressive had removed the comprehensive coverage from his car as requested.

**{25}** "New Mexico courts have held that every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract." *Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 7, 144 N.M. 449, 188 P.3d 1200. "[T]he implied covenant of good faith and fair dealing helps [ensure] that both parties receive the benefit of their respective bargains. The covenant acts to protect the parties to the contract by prohibiting one party from obstructing the other party's benefit, whether that benefit is express or implied." *Id.* ¶ 10.

**{26}** Reviewing the insurance documents that Progressive provided, we see nothing that obstructed Plaintiff's ability to understand his benefits under the contract. Progressive provided documentation of Plaintiff's insurance coverage as it existed before Plaintiff modified the policy. In that document, Plaintiff's policy is described under the heading, "Outline of coverage," which includes a section entitled, "Liability *to Others*." (Emphasis added.) Separate categories under the outline of coverage include "Comprehensive" and "Collision." During his phone call with the Progressive representative, Plaintiff stated that he would be selling the car soon and only needed liability. After the call, Progressive faxed the updated insurance documents which, under "Outline of coverage," included the same "Liability *to Others*" coverage as before; the "Comprehensive" and "Collision," sections were no longer included. (Emphasis added.) In sum, Plaintiff's policy previously included three types of coverage, Plaintiff asked to keep only liability, and he received updated insurance documents reflecting this change. Determining that there was no obstruction of Plaintiff's benefits under the policy, we conclude that Progressive did not breach the duty of good faith and fair dealing and affirm the district court's grant of summary judgment on the claim.

**CONCLUSION**

**{27}** For the foregoing reasons, we affirm.

**{28} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**