2004-NMCA-027

87 P.3d 545

**Annie SMOOT, for herself and all others similarly situated, Plaintiff–Appellee,**

v.

**PHYSICIANS LIFE INSURANCE COMPANY, a Nebraska corporation, Defendant–Appellant.**

No. 22,708.

Court of Appeals of New Mexico.

Nov. 21, 2003.

James O. Browning, Robert E. Hanson, Jane B. Wishner, Peifer, Hanson & Mullins, P.A., Dennis M. McCary, Floyd D. Wilson, McCary, Wilson & Pryor, Alan K. Konrad, David A. Freedman, Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A., John M. Eaves, Paul Bardacke, Kerry Kiernan, Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A., Albuquerque, NM, for Appellee.

Terrence D. O'Hare, J. Scott Paul, McGrath, North, Mullin & Kratz, P.C., Omaha, NE, Douglas G. Schneebeck, Timothy C. Holm, Jennifer A. Noya, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} This case is one of a number of class actions filed in New Mexico courts frequently referred to as modal premium cases. In these cases, the named plaintiff alleges that one or more life insurance companies failed to disclose the costs of insurance premiums paid more often than annually. In this par-

ticular case, Plaintiff Annie Smoot alleges Defendant Physicians Life Insurance Company failed to disclose fully the additional cost of her paying insurance premiums monthly rather than annually. Defendant appeals the denial of its motion to dismiss Plaintiff's claims. Defendant raises three issues on appeal: (1) Plaintiff's claims are preempted by the federal Truth in Lending Act, 15 U.S.C., §§ 1601–1693 (2002) (TILA); (2) Defendant has no duty to disclose the dollar amount or effective annual percentage interest rate for the different payment options; and (3) Plaintiff failed to state a claim because she failed to allege detrimental reliance. A number of these issues have been addressed in our recent opinion *Azar v. Prudential Insurance Co.*, 2003–NMCA–062, 133 N.M. 669, 68 P.3d 909, another case dealing with allegations of undisclosed costs of insurance premiums paid more often than annually.

{2} For the reasons articulated in *Azar*, we reject Defendant's arguments that federal law preempts Plaintiff's claims. *See id.* ¶¶ 35–41. Also based on *Azar*, we determine that Defendant did not have a fiduciary duty to disclose the information Plaintiff seeks, *see id.* ¶¶ 54–56, and that the implied covenant of good faith and fair dealing does not apply to Plaintiff's claims in this case. *See id.* ¶¶ 48–52. We also determine that Defendant has a statutory and common law duty to disclose material facts and that detrimental reliance is not an essential element to the relief provided for violations of the New Mexico Unfair Practices Act, NMSA 1978, §§ 57–12–1 to –22 (1967, as amended through 1999) (UPA), and the New Mexico Unfair Insurance Practices Act, NMSA 1978, §§ 59A–16–1 to –30 (1984, as amended through 2001) (UIPA). Lastly, we hold that reliance is an element of the common law duty to disclose. We therefore affirm in part and reverse in part.

## I. BACKGROUND

{3} In her complaint, Plaintiff alleges that Defendant issued her an insurance policy that "failed to disclose the dollar amount of, and effective annual percentage rate of, the additional premium, interest, finance charges

or time-price differential charges," also known as modal premium charges. Plaintiff further alleges that when a policyholder elects premium payment modes other than the annual mode (fractional premiums), this information is material and should have been disclosed.

{4} Her complaint contains seven separate counts: (I) breach of contract, for which Plaintiff seeks compensatory and punitive damages; (II) breach of fiduciary duty by failing to disclose material facts, for which she seeks compensatory and punitive damages; (III) breach of implied covenant of good faith and fair dealing, for which she seeks compensatory and punitive damages; (IV) unfair practices claims under both the UPA and the UIPA, for which she seeks treble damages; (V) restitution based on unjust enrichment; (VI) injunctive relief; and (VII) declaratory judgment. While Plaintiff expressly alleges that the undisclosed facts are material, there are no allegations that she relied on the failure to disclose.

{5} Defendant moved to dismiss Plaintiff's complaint under Rule 1–012(B)(6) NMRA 2003, which Plaintiff opposed. After a hearing, the district court denied the motion to dismiss but certified the three issues that are argued on appeal: preemption, duty, and reliance. This Court granted the interlocutory appeal.

## II. STANDARD OF REVIEW

{6} Because this case is before us on the denial of Defendant's motion to dismiss under Rule 1–012(B)(6), we accept for purposes of this appeal all well-pled facts and consider only whether Plaintiff might prevail under any state of provable facts. *See Cal. First Bank v. State*, 111 N.M. 64, 66, 801 P.2d 646, 648 (1990).

## III. DISCUSSION

### A. Federal Preemption

{7} As noted above, the opinion in *Azar* disposes of this issue, since this Court determined that TILA does not preempt state law claims that are based on the failure to disclose the additional cost of paying fractional premiums. *See Azar*, 2003–NMCA–062,

¶¶ 35–41, 133 N.M. 669, 68 P.3d 909. Because *Azar* is dispositive, we need not repeat our analysis here.

### B. Duty to Disclose

{8} Defendant's position is that Plaintiff's complaint must fail because, as a matter of law, there is no duty imposed on Defendant to make price comparisons and perform the math calculations as set forth in Plaintiff's complaint. Plaintiff contends that the duty exists, and she provides a number of theories premised on the allegations in Counts I–V. We discuss the theories in turn.

#### 1. Fiduciary Duty to Disclose

{9} In *Azar*, this Court concluded that "an insurer assumes a fiduciary obligation toward an insured only in matters pertaining to the *performance* of obligations in the insurance contract." *Id.* ¶ 54. Finding no evidence that the insurer breached any fiduciary duty in the performance of its obligations under the insurance policies, this Court determined that the insurer "did not have a fiduciary duty to disclose information relating to modal premium charges before or after the formation of the insurance contracts." *Id.* ¶ 56. We reach the same conclusion in this case.

#### 2. Duty to Disclose under Implied Covenant of Good Faith and Fair Dealing

{10} In *Melnick v. State Farm Mutual Automobile Insurance Co.*, 106 N.M. 726, 731, 749 P.2d 1105, 1110 (1988), our Supreme Court stated that the implied covenant of good faith and fair dealing cannot be used to override express provisions in a written contract. In *Azar*, this Court applied the rationale of *Melnick* to insurance contracts and found no duty to disclose where the policies expressly authorized modal premium charges. *Azar*, 2003–NMCA–062, ¶ 49, 133 N.M. 669, 68 P.3d 909.

{11} In *Azar*, the policies expressly stated, "The more often premiums are due, the larger the total amount that will have to be paid for a contract year." *Id.* ¶ 8. In this case, the policy expressly listed the dollar amounts for premiums paid annually ($177.65), semi-annually ($90.44), quarterly ($46.84), and monthly ($16.15). The policy also provided, "Premiums are payable annually, but you may pay by any payment plan we offer." Although the policy did not explicitly state that the more often premiums are due, the larger the total premium paid would be, the statement that the premiums were payable annually, combined with the exact dollar amounts for each mode of payment, created express provisions for the payment of premiums.

{12} A reasonable person reading Plaintiff's policy would understand that the monthly premium payments were $16.15. *See generally Read v. W. Farm Bureau Mut. Ins. Co.*, 90 N.M. 369, 373, 563 P.2d 1162, 1166 (Ct.App.1977) (observing that the meaning of language in an insurance policy will be what a reasonable person in the position of the insured would understand it to mean). When Plaintiff accepted this policy, she also accepted the fact that if she chose the monthly premium, it would be $16.15, costing her $193.00 per year. While the calculation of an effective annual interest rate may depend on complex formulas not readily accessible to the average policyholder, the simplest multiplication establishes that the more often premiums are paid within the year, the greater the total cost of the premium. Because the policy expressly stated the amount of payment for each fractional premium, the implied covenant of good faith and fair dealing cannot override the written contract to establish a duty to disclose the modal premium charges. *Azar*, 2003–NMCA–062, ¶ 49, 133 N.M. 669, 68 P.3d 909.

{13} Moreover, the implied covenant of good faith and fair dealing requires only that neither party injure the rights of the other party to receive the benefit of their agreement. *Dairyland Ins. Co. v. Herman*, 1998–NMSC–005, ¶ 12, 124 N.M. 624, 954 P.2d 56 (stating that "with insurance contracts, as with every contract, there is an implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract"); *Azar*, 2003–NMCA–062, ¶ 50, 133 N.M. 669, 68 P.3d 909. The implied

covenant "is breached only when a party seeks to prevent the contract's performance or to withhold its benefits from the other party." *Id.* ¶ 51. As in *Azar*, in this case, there is no allegation that Defendant refused to pay out a benefit under the policy or unreasonably refused to allow Plaintiff to change her mode or frequency of payment. *Id.* We conclude, as we did in *Azar*, that the implied covenant of good faith and fair dealing does not give rise to a duty to disclose in this case. *Id.* ¶ 53.

{14} We further hold that Plaintiff has failed to state a claim for breach of contract (Count I) upon which relief may be granted, for the same reasons underlying our rejection of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Plaintiff's allegations under this count refer to her general allegations regarding Defendant's purported failure to disclose material information. However, none of Plaintiff's allegations suggest that Defendant breached the insurance policy in any way. The policy expressly states the amount of each fractional payment, and in exchange for those payments, Defendant supplied Plaintiff with coverage. We see nothing in Plaintiff's complaint suggesting that Defendant failed to provide the product or service it promised to provide in the policy.

### 3. Statutory Duty to Disclose

{15} The UPA and the UIPA each imposes a duty to disclose material facts reasonably necessary to prevent any statements from being misleading. Sections 57–12–2(D) and 59A–16–4(G). The existence of a duty is dependent on the materiality of the facts. *Azar*, 2003–NMCA–062, ¶ 64, 133 N.M. 669, 68 P.3d 909. Many factors figure into the issue of materiality. *Id.* ¶ 73. In her complaint, Plaintiff asserts (1) that the modal premium charges are material facts, (2) that Defendant had an affirmative duty to use reasonable care to avoid misleading the insureds, and (3) that Defendant's acts and omissions constituted unfair or deceptive practices in violation of the UPA and the UIPA. Defendant argues that consumers are certainly capable of calculating the cost of insurance based on the raw data provided on the policy. The cases cited by Defendant essentially deal with the issue of materiality; in this case, Plaintiff has alleged that the charges were material facts. This Court takes all well-pled facts as true. *Vigil v. Arzola*, 101 N.M. 687, 688, 687 P.2d 1038, 1039 (1984). Under these circumstances, Plaintiff adequately alleged sufficient facts to assert a claim that Defendant breached its statutory duty under the UPA and the UIPA. *See Las Luminarias of N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978) (noting that only where there is a total failure to allege some matter essential to the relief requested should a claim be dismissed); *cf. Azar*, 2003–NMCA–062, ¶¶ 71, 97, 133 N.M. 669, 68 P.3d 909 (reversing summary judgment granted to the plaintiff because genuine issues of material fact existed concerning the materiality of the undisclosed information after this Court found a potential duty to disclose the allegedly material facts under common law, the UPA, and the UIPA).

### 4. Common Law Duty to Disclose

{16} In her complaint, Plaintiff generally asserts a common law duty for Defendant to disclose. On appeal, she cites to *Modisette v. Foundation Reserve Insurance Co.*, 77 N.M. 661, 427 P.2d 21 (1967), and recognizes that the common law duty to disclose is a dual responsibility: "The obligation to deal fairly and honestly rests equally upon the insurer and the insured." *Modisette*, 77 N.M. at 666, 427 P.2d at 25. Based on *Modisette*, Restatement (Second) of Torts, § 551(2) (1977), and related fraud and misrepresentation case law, we concluded in *Azar* that the defendant may have had a common law duty to disclose additional information about the modal premium charges. *Azar*, 2003–NMCA–062, ¶ 62, 133 N.M. 669, 68 P.3d 909. Although Plaintiff, in this case, is not making an explicit claim for fraud or misrepresentation, the Court asserted in *Modisette* that if information is withheld and this information is material to the contract, whether the party "acted fraudulently, negligently, or innocently" is irrelevant because the resulting injury is the same. *Modisette*, 77 N.M. at 667, 427 P.2d at 25. At issue in

*Azar* was the materiality of the undisclosed facts regarding the modal premium charges. *Azar*, 2003–NMCA–062, ¶ 62, 133 N.M. 669, 68 P.3d 909. Because Plaintiff pleads the materiality of these facts, materiality is not an issue in this appeal. Therefore, despite the fact that Plaintiff is not explicitly claiming fraud or misrepresentation, we determine that her complaint pleads facts sufficient to assert a common law duty to disclose the allegedly material facts.

### 5. Summary of Duty to Disclose

{17} Plaintiff's complaint states a claim based on the statutory duty to disclose under the UPA and the UIPA and based on the common law duty to disclose enunciated in *Modisette* and *Azar*. Defendant had no duty to disclose the modal premium charges based on fiduciary duty or the implied covenant of good faith and fair dealing as asserted in Count I (breach of contract), Count II (breach of fiduciary duty), and Count III (breach of good faith and fair dealing). Accordingly, we reverse the denial of Defendant's motion to dismiss on Counts I–III, and we remand for the entry of an order dismissing these counts.

### C. Failure to Allege Reliance

{18} Defendant asserts that Plaintiff's failure to allege detrimental reliance defeats her claims of duty to disclose. Plaintiff counters that since she seeks restitution, she does not need to plead or prove reliance. Alternatively, she argues that reliance may be presumed in this case; she distinguishes the cases where there was an affirmative misrepresentation from this case, where the material facts were omitted, and she argues that materiality essentially substitutes for reliance in omission cases. We begin our review with Counts IV and VI.

### 1. Reliance as Applied to the UPA and the UIPA

{19} Defendant reads the UPA and the UIPA to require Plaintiff to allege and prove detrimental reliance. Defendant's position is based on two premises. First, Defendant cites to NMSA 1978, § 59A–16–30 (1990), of the UIPA, which contains language

that allows recovery of actual damages to a person who "has suffered damages as a result of a violation" of the act. Defendant also relies on the class action portion of the UPA that also allows recovery of actual damages. Second, Defendant cites to Rule 13–1706 NMRA 2003, the jury instruction entitled Violation of Insurance Practices Act, which requires damages to be "proximately caused" by a defendant's conduct. Defendant's argument is that proof of actual damages or proximate causation necessarily requires proof of reliance. We disagree with Defendant's analysis.

{20} Defendant mistakenly contends that the statutory requirement for a causal connection between the deceptive practice and the claimant's damages equates to a requirement that the claimant prove detrimental reliance. However, causation and reliance are distinct concepts. "Causation requires a nexus between a defendant's conduct and a plaintiff's loss; reliance concerns the nexus between a defendant's conduct and a plaintiff's purchase or sale." Seth William Goren, *A Pothole on the Road to Recovery: Reliance and Private Class Actions Under Pennsylvania's Unfair Trade Practices and Consumer Protection Law*, 107 Dick. L.Rev. 1, 11 (2002) (internal quotation marks and footnote omitted) [hereinafter Goren]; *see also id.* at 11 n. 45 and authorities cited therein.

{21} While it is true that both the UPA and the UIPA require proof of a causal link between conduct and loss, *see* § 57–12–10(B) (permitting an action by anyone who suffers damages "*as a result of* any employment by another person of [an unfair or deceptive practice]" (emphasis added)), *and* § 59A–16–30 (permitting an action by anyone who suffers damages "as a result of a violation of [the UIPA]"), we find nothing in the language of either act requiring proof of a link between conduct and purchase or sale. To the contrary, Section 57–12–2(D)(14) of the UPA does not require that the defendant's conduct actually deceive a consumer; it permits recovery even if the conduct only "tends to deceive." *See Sims v. Sims*, 1996–NMSC–078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (stating that courts give effect to a statute's language).

{22} Moreover, there appears to be a national trend to interpret consumer protection statutes, like the UPA and the UIPA, such that plaintiffs need not prove reliance. *See* Goren, 107 Dick. L.Rev. at 13–14 nn. 50–51 (listing authorities supporting the view that consumer protection statutes should not be interpreted to require proof of reliance). Consistent with this trend and consistent with the absence of language in either the UPA or the UIPA requiring reliance, we hold that Plaintiff need not allege or prove that she relied on Defendant's purported deceptive conduct in order to recover under either act.

{23} Because Plaintiff has alleged sufficient facts to state a claim for relief under the UPA and the UIPA, neither of which requires a specific allegation of detrimental reliance for the relief provided, we affirm the denial of Defendant's motion to dismiss Plaintiff's claims for violation of the UPA and the UIPA (Count IV) and injunctive relief (Count VI). In so ruling, we make no comment on the merits of Plaintiff's claims under the UPA or the UIPA or on what the proper measure of these damages might be if proven. The only question before this Court on appeal is whether Plaintiff has stated a claim for relief such that the district court properly denied Defendant's Rule 1–012(B)(6) motion to dismiss her claims.

### 2. Reliance as Applied to the Common Law Duty to Disclose

{24} Having disposed of Counts I through III by instructing the trial court to dismiss on remand and by leaving viable Counts IV and VI because they need not allege reliance, we turn now to Count V, Plaintiff's claim for restitution. Violation of the common law duty to disclose may entitle a plaintiff to restitution based on the unjust enrichment of the defendant. Defendant's basic argument is that the counts in Plaintiff's complaint are based on Defendant's alleged failure to disclose but must be dismissed because Plaintiff failed to plead detrimental reliance. Plaintiff generally alleges a violation of the common law duty to disclose, which would entitle Plaintiff to any restitution that might be warranted. *See Robison v. Katz,* 94 N.M. 314, 320–21, 610 P.2d 201, 207–08 (Ct.App.

1980) (noting that restitution can be a remedy for misrepresentation); *see also Cent. Sec. & Alarm Co. v. Mehler,* 1996–NMCA–060, ¶¶ 11–12, 121 N.M. 840, 918 P.2d 1340 (explaining that restitution may be used to prevent unjust enrichment). Defendant argues that this claim must be dismissed because Plaintiff failed to plead detrimental reliance.

{25} Plaintiff points to *Iriart v. Johnson,* 75 N.M. 745, 749, 411 P.2d 226, 228 (1965), a case in which a claim for restitution was allowed, based solely on the broker's failure to disclose and regardless of whether the sellers would have sold the property had they known the undisclosed facts. In *Iriart,* however, recovery was based on the fiduciary relationship between the parties, and we have already dismissed the claim that Defendant had a fiduciary duty to disclose. Similarly, the other cases cited by Plaintiff have to do with fiduciary relationships. *Committee on Children's Television v. General Foods Corp,* 35 Cal.3d 197, 197 Cal.Rptr. 783, 673 P.2d 660 (1983) does not rely on a fiduciary duty, but it involves the interpretation of unfair practice statutes, rather than a common law claim for restitution. *Id.,* 197 Cal.Rptr. 783, 673 P.2d at 668.

{26} We look to the Restatement of Restitution, which suggests that reliance may indeed be an element of restitution, based on misrepresentation. The Restatement defines "fraud" as, among other things, "non-disclosure, where it is not privileged, by any person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction." Restatement (First) of Restitution § 8(c) (1937). A comment provides further direction; it states, "To be effective as a basis for restitution, an innocent misrepresentation or non-disclosure must be as to a material matter *as well as an inducing cause* [.]" Restatement (First) of Restitution § 8 cmt. e (1937) (emphasis added). The requirement that the non-disclosure must be an inducing cause indicates to us that reliance is essential. Consequently, we agree with Defendant and hold that reliance is necessary; thus, the claim for restitution should have been dismissed. However, we direct the trial court to give Plaintiff leave to amend the complaint to add reliance if she can do so in good faith.

{27} We reverse the denial of Defendant's motion to dismiss Plaintiff's claim for restitution under Count V and remand to the trial court with the direction to allow Plaintiff to amend this count to include reliance if she can do so in good faith.

### D. Remaining Count

{28} Finally, Plaintiff's complaint asserts a count for declaratory relief (Count VII). This claim alleges that an actual controversy exists and that the parties' respective rights and obligations should be established. The denial of Defendant's motion to dismiss as to this count is not specifically mentioned in the order authorizing interlocutory appeal, nor was this claim separately argued on appeal. Consequently, the denial of Defendant's motion to dismiss as to Count VII is affirmed. *See Estate of Gutierrez v. Alb. Police Dept.,* 104 N.M. 111, 112, 717 P.2d 87, 88 (Ct.App. 1986) (declining to address issue not certified for interlocutory appeal), *overruled on other grounds by Bracken v. Yates Petroleum Corp.,* 107 N.M. 463, 466, 760 P.2d 155, 158 (1988); *Valdez v. Mountain Bell Tel. Co.,* 107 N.M. 236, 238, 755 P.2d 80, 82 (Ct.App.1988) (declining to consider issues neither presented to the trial court nor included in motion or in application for interlocutory appeal).

## IV. CONCLUSION

{29} We reverse the denial of Defendant's motion to dismiss Counts I (breach of contract), II (breach of fiduciary duty), III (breach of good faith and fair dealing), and V (restitution), and we remand for entry of an order dismissing these counts, with the proviso that the order regarding Count V will include leave to amend as provided herein. We affirm the denial of Defendant's motion to dismiss Counts IV (UPA and UIPA), VI (injunctive relief), and VII (declaratory judgment) of Plaintiff's complaint and therefore remand for further proceedings on these counts.

{30} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and RODERICK T. KENNEDY, Judges.