This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 32,523**

**JACQUITA BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett PC
L. Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Jacquita Baca (Defendant) appeals her convictions for commercial burglary pursuant to NMSA 1978, Section 30-16-3(B) (1971), and conspiracy to commit commercial burglary pursuant to NMSA 1978, Section 30-28-2 (1979). Following *State v. Baca,* 2014-NMCA-___, ___ P.3d___ (No. 32,553, May 14, 2014), our recent decision arising from the same incident, we conclude that the entry in this case was not the type of entry our burglary statute was meant to deter, and reverse Defendant's convictions on that basis.

**BACKGROUND**

**{2}** On November 19, 2010, Defendant entered Costco with three other people. No person in the group was a member of Costco, but one person showed the Costco greeter a Costco membership card that belonged to another person. The greeter did not check the card and allowed the group to enter. After entering the store, one member of the group began placing items into her purse, including items that members of the group pointed out. Defendant presented the membership card and purchased bottled water and ice cream. When the group attempted to leave the store, they were detained by a Costco loss-prevention employee.

**{3}** Defendant's trial in the district court was joined with the cases of two of the other members of the group who were involved in the incident, including co-defendant Billy Baca. At trial, Costco employees testified that while a Costco membership is

2

required in order to shop at the store, and customers must display a membership card to enter the store, greeters do not customarily check to ensure that the person presenting the card is, in fact, a member.

**{4}** Both Defendant and Mr. Baca were convicted of commercial burglary on the theory that entering Costco by displaying another person's membership card constituted an unauthorized entry by fraud, deceit, or pretense. *State v. Ortiz*, 1978-NMCA-074, ¶ 15, 92 N.M. 166, 584 P.2d 1306 ("Whether entry by fraud, deceit[,] or pretense is characterized as trespassory, without consent, or without authorized consent, such an entry is unauthorized."). Defendant was also convicted of conspiracy to commit commercial burglary. Defendant and Mr. Baca appealed their respective convictions. *Baca*, 2014-NMCA-___, ¶ 4. On appeal, their cases were not consolidated. In *Baca*, we reversed Mr. Baca's conviction for commercial burglary. *Id.* ¶ 15.

**DISCUSSION**

**Commercial Burglary**

**{5}** Here, Defendant argues that because her entry into Costco was not unauthorized, her conduct did not constitute commercial burglary. We agree. In Mr. Baca's appeal, we addressed the identical question of law: "The issue before us is whether entry into Costco by a non-member using a membership card that does not

belong to that person constitutes an 'unauthorized entry' for purposes of our burglary statute." *Id.* ¶ 5. In that case, we determined that "Costco's membership policies do not negate the presumption that retail stores are open to the public. Thus, [the d]efendant's entry into Costco, while likely impermissible as far as Costco is concerned, was not 'unauthorized' in terms of our burglary statute." *Id.* ¶ 14. We find *Baca's* conclusion to be dispositive as to this issue and we need not repeat our analysis here. *See Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 7, 135 N.M. 265, 87 P.3d 545. In light of *Baca*, we conclude this Defendant's entry into Costco was not an unauthorized entry under our burglary statute.

**Conspiracy to Commit Commercial Burglary**

{6}    "Conspiracy consists of knowingly combining with another for the purpose of committing a felony." Section 30-28-2(A). "The elements of conspiracy are: (1) agreement to commit the underlying offense; and (2) the intent to commit the offense." *State v. Villalobos*, 1995-NMCA-105, ¶ 16, 120 N.M. 694, 905 P.2d 732. Here, the underlying offense is commercial burglary, and we have held that Defendant's entry into Costco and commission of theft therein does not constitute commercial burglary. By virtue of our holding, the question of whether Defendant's conduct constituted conspiracy to commit commercial burglary is eliminated.

**CONCLUSION**

{7} For the foregoing reasons, we reverse Defendant's convictions for commercial burglary and conspiracy to commit commercial burglary.

{8} **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**