This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

    **Plaintiff-Appellee,**

  **vs.**                **No. 35,946**

**PATRICIA S. LEVEY a/k/a PATRICIA LEVEY,**

    **Defendant-Appellant,**

**and**

**WELLS FARGO BANK, N.A.,**

    **Defendant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

McCarthy & Holthus, LLP
Karen Weaver
Joshua T. Chappell
Albuquerque, NM

for Appellee

Gleason Law Firm, LLC
Deidre Gleason
Heath, MA

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Defendant Patricia S. Levey seeks to appeal from the denial of a motion for summary judgment. We previously issued a notice of proposed summary disposition in which we proposed to dismiss for want of a final order. Defendant has filed a memorandum in opposition, and Plaintiff has filed a memorandum in support, which we have duly considered. Because we remain unpersuaded that this matter is properly before us, we dismiss the appeal.

**{2}** We previously described the pertinent background information in the notice of proposed summary disposition. We will not reiterate at length here. Suffice it to say, although the denial of Defendant's motion for summary judgment was not a final appealable order, *see Doe v. Leach*, 1999-NMCA-117, ¶ 12, 128 N.M. 28, 988 P.2d 1252, the district court's subsequent grant of Plaintiff's cross-motion and entry of an order of foreclosure, would normally be regarded as a final, appealable decision. *See also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. However, Defendant subsequently filed a timely motion for reconsideration, which suspended the finality of the district court's preceding order. *See id.* ("[W]hen a party makes a motion challenging the district court's determination of the rights of the

parties contained in [a] foreclosure decree, the decree is not final . . . until the district court disposes of the motion.").

{3} In her memorandum in opposition Defendant makes no effort to address the foregoing principles, or the authorities cited. Instead, she asserts that the district court's determination relative to standing should be immediately appealable on grounds that, if the district court erred, the matter should not proceed further. [MIO 4-5] The only authority she cites as indirect support for this proposition is *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 23, 369 P.3d 1046. However, *Johnston* entailed an appeal from a decree of foreclosure; it did not indicate that an interlocutory ruling on a question relative to standing is immediately appealable as a matter of right. Further, *Johnston* analogized standing challenges, in the context of foreclosure actions, to the defense of failure to state a claim. *Id.* ¶ 34. Of course, the denial of a motion to dismiss for failure to state a claim generally constitutes an interlocutory order, rather than a final determination that is immediately appealable as a matter of right. *See, e.g.*, *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶¶ 5-6, 135 N.M. 265, 87 P.3d 545 (reviewing the denial of a motion to dismiss for failure to state a claim on interlocutory appeal); *Romero v. U.S. Life Ins. Co.*, 1986-NMCA-044, ¶ 1, 104 N.M. 241, 719 P.2d 819 (same). We therefore reject Defendant's argument.

**{4}** In the notice of proposed summary disposition we advised that if the parties should obtain a written ruling on the pending motion, we would proceed to consider the merits. [CN 5] Plaintiff has advised that no such order has been entered. [MIS 3] Until the district court has taken a formal position on the submission, the matter has not been fully and finally resolved; and accordingly, the instant appeal is premature. *See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (observing that when a motion that challenges the district court's determination of the rights of the parties is pending in the district court, the judgment or order entered by that court remains non-final, such that appeal is premature); *see also* Rule 1-054.1 NMRA, committee cmt. ("Because there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal will run 'from the filing of an order expressly disposing of the . . . motion'." (quoting Rule 12-201(D)(1)).

**{5}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is summarily dismissed.

**{6}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**


_____

**JULIE J. VARGAS, Judge**