This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MAURO ROSALES,**

Plaintiff-Appellant,

v.                                                                      **No.    A-1-CA-37255**

**TOWN OF TAOS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

Agnes Fuentevilla Padilla
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant on his claim for breach of the covenant of good faith and fair

dealing. This Court's calendar notice proposed to summarily affirm. Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     Plaintiff does not dispute the facts relied upon in the calendar notice, but does seemingly dispute the legal standard applied. Initially, we address Plaintiff's assertion that the question at issue is whether he was reasonable in his election to believe the Human Resource (HR) Director's verbal statement over the written contract and that such "reasonableness" is an issue of fact precluding summary judgment. [MIO 2-3] The authorities relied upon by Plaintiff address the reasonableness of a party's interpretation of an ambiguous contract term. *See Read v. W. Farm Bureau Mut. Ins. Co.*, 1977-NMCA-039, ¶ 21, 90 N.M. 369, 563 P.2d 1162 (stating that "a word, a phrase, or a provision in a contract of insurance is not what the insurer intended the language to mean, but what a reasonable person in the position of the insured would have understood them to mean"); *see also Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc.* 1993-NMSC-010, ¶ 22, 115 N.M. 152, 848 P.2d 1079 (determining whether movant presented a prima facie case of the reasonableness of its attorney fees, terms not expressly agreed to by the parties to a contract). That is not the issue here. We recognize that a breach of the covenant of good faith and fair dealing claim could constitute a question of fact in some circumstances. However,

2

when, like this case, "no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law." *Ovecka v. Burlington N. Santa Fe Ry. Co.*, 2008-NMCA-140, ¶ 9, 145 N.M. 113, 194 P.3d 728.

{3}     Turning to Plaintiff's disputed issue of law, this Court's calendar notice relied on *Sanders v. Fedex Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 10, 144 N.M. 449, 188 P.3d 1200, for the proposition that "the implied covenant of good faith and fair dealing helps insure that both parties receive the benefit of their respective bargains" and "acts to protect the parties to the contract by prohibiting one party from obstructing the other party's benefit, whether that benefit is express or implied." Plaintiff accuses this Court of "cherry picking" a term from *Sanders*, thereby radically changing the legal standard for good faith and fair dealing. [MIO 4] That was not this Court's intention. We note that Plaintiff himself cites to *Sanders* in the docketing statement and incorporates the term "obstruct" in his argument. [DS 4, 6, 8, 9, 10] More importantly, *Sanders* and the legal standard applied in that case remains good law.

{4}     Nevertheless, we address Plaintiff's contention that *Sanders* did not modify the standard set forth in prior cases, on which it relied. In particular, Defendant urges the use of the legal standard applied in other cases, including *Azar v. Prudential Ins. Co.*

3

*of Am.*, 2003-NMCA-062, ¶ 51, 133 N.M. 669, 68 P.3d 909, which provides that the good faith covenant of a contract is breached "when a party seeks to prevent the contract's performance or to withhold its benefits from the other party." [MIO 3-4] Further, *Bogle v. Summit Inv. Co., LLC* states that the "implied covenant [of good faith and fair dealing] requires that neither party do anything that will injure the rights of the other party to receive the benefit of the agreement." 2005-NMCA-024, ¶ 16, 137 N.M. 80, 107 P.3d 520. "This concept allows courts to award damages for breach of contract when one party prevents another from getting the benefits of a contractual arrangement." *Heimann v. Kinder-Morgan CO2 Co., L.P.*, 2006-NMCA-127, ¶ 18, 140 N.M. 552, 144 P.3d 111. And *Bourgeous v. Horizon Healthcare Corp.* concludes that "[d]enying a party its rights to those benefits will breach the duty of good faith implicit in the contract." 1994-NMSC-038, ¶ 16, 117 N.M. 434, 872 P.2d 852.

{5}     Applying these standards to the undisputed facts, we conclude that there was no breach of good faith and fair dealing as a matter of law. *See Ovecka*, 2008-NMCA-140, ¶ 9. The issue is whether the HR Director's comments—that "the manager already made a decision" to terminate Plaintiff and that an appeal would be futile—denied Plaintiff his right to appeal the Notice of Final Action (Final Action). The fact of the matter is that the Final Action served as a notice of Defendant's final decision terminating Plaintiff's employment. As pointed out in the calendar notice, the

4

prior Notice of Contemplated Disciplinary Action (Notice) explained the reasons for Plaintiff's contemplated termination and gave him an opportunity to respond. [1 RP 255; CN 3] The Final Action addressed Plaintiff's contentions in response, refuted them, and terminated his employment. [1 RP 257; CN 3] Hence, the HR Director's comment that "the manager already made a decision" was no more than a statement of fact.

{6}      Furthermore, as has been noted, the Final Action expressly informed Plaintiff of the time limit to appeal, and to whom the written notice of appeal should be submitted. [1 RP 257; CN 3, 5] Nonetheless, Plaintiff emphasizes the effects of the HR Director's statements to him *after* she gave him the Final Action. [MIO 2] Thus, the question is whether the advertisement for Plaintiff's position in the Taos News, in combination with the HR Director's comment to Plaintiff that an appeal would be futile, served to prevent, injure, or deny Plaintiff his right to appeal the Final Action. We conclude that Defendant did not breach the covenant of good faith and fair dealing because it did not withhold from Plaintiff any of the benefits of submitting a written appeal. *See Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶¶ 13, 14, 135 N.M. 265, 87 P.3d 545 (stating that the covenant of good faith is not breached when a party was given the product or service bargained for). While Defendant's actions may have lowered Plaintiff's expectation of a positive outcome on appeal, we cannot say that

they prevented, injured, or interfered with Plaintiff's ability to appeal. *See Gilmore v. Duderstadt*, 1998-NMCA-086, ¶ 24, 125 N.M. 330, 961 P.2d 175 ("A party breaches the covenant of good faith and fair dealing when he or she interferes or fails to cooperate in the other party's performance."). Accordingly, we agree with the district court that Plaintiff's breach of the covenant of good faith and fair dealing claim fails as a matter of law.

{7}     For these reasons, and those stated in the calendar notice, we affirm the district court's dismissal of Plaintiff's claim for breach of the covenant of good faith and fair dealing.

{8}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**

6