On respondent's petition for reconsideration filed April 26, reconsideration allowed; opinion (166 Or App 436, 998 P2d 234) modified and adhered to as modified June 28, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## VICTORIA LYNN RICKS,
*Respondent.*

(97C21383; CA A103293)

7 P3d 675

Peter Gartlan, Chief Deputy Public Defender, and David E. Groom, Public Defender, Salem, for petition.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant petitions for reconsideration under ORAP 6.25(1)(e), arguing that our opinion in this matter, *State v. Ricks*, 166 Or App 436, 998 P2d 234 (2000), improperly relies on information given to the investigating police officer by the son of the owner of a suspected stolen vehicle. In our opinion, in which we held that the officer developed reasonable suspicion to stop the car based in part on the information from the son, we said:

> "In addition, the trial court apparently believed that [Officer] Hicks was required to investigate the reliability of the son's information more thoroughly before acting upon it. However, the son was a named informant who could have been prosecuted for giving false information to the police, ORS 162.375, and his relationship to the vehicle's owner was further evidence of the reliability of his information." *State v. Ricks*, 166 Or App at 440.

Defendant argues that the son could not have been prosecuted under ORS 162.375 because he did not initiate a report with the police; rather, they contacted him about the driver of his father's car. Also, defendant argues that the record does not establish with sufficient certainty the son's knowledge about who could be a possible driver of his father's car to afford the officer reasonable suspicion to stop the car. We agree that the statement in our opinion that the son could have been prosecuted under ORS 162.375 is subject to dispute. Without endorsing defendant's interpretation of the statute, we delete the phrase "who could have been prosecuted for giving false information to the police, ORS 162.375," from our opinion. The sentence is modified to read, "However, the son was a named informant and his relationship to the vehicle's owner was further evidence of the reliability of his information." Moreover, we are persuaded that the information that the son gave the police about who could be a possible driver of his father's car demonstrated his awareness of his father's acquaintances and his practice of permitting others to drive his car. We continue to hold that the son's information, together with the other information that the officer had, sufficed to give the officer a reasonable suspicion that the car was stolen.

Reconsideration allowed; opinion modified and adhered to as modified.