**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>               Respondent,<br><br>          v.<br><br>SYR ADRIAN RUMSEY,<br><br>               Appellant. | No. 80920-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Rumsey appeals the revocation of his SSOSA on the basis of six violations of his conditions of community custody. He asserts there was insufficient evidence to support the alleged violations for use of controlled substances and possession of sexually explicit materials. He also challenges the constitutionality of two of the violated conditions of custody. He asserts that because the trial court relied on improper grounds, he is entitled to a new revocation hearing. We affirm the revocation of his SSOSA and remand for resentencing to correct and clarify the community custody conditions.

FACTS

On March 15, 2017, Syr Rumsey pleaded guilty to one count of rape of a child in the first degree. The victim was his girlfriend's minor child. He attributed his behavior to "his methamphetamine use and his loneliness and desperation." The trial court imposed a special sex offender sentencing alternative (SSOSA).[1]

---

[1] RCW 9.94A.670.

His sentence was suspended on the conditions that he spend two months in custody, five years undergoing sex offender treatment, and comply with numerous conditions of community custody.

Rumsey was released from confinement in April 2017. At his initial review hearing, Rumsey was found to be in compliance with his SSOSA. In June 2017, federal agents found Rumsey living in a drug house in King County in violation of his SSOSA conditions. The court imposed a sanction of credit for time served and global positioning system (GPS) monitoring for 60 days.

In July 2017, Rumsey admitted during a routine polygraph exam to masturbating to pornography since his release from custody. Rumsey's community corrections officer (CCO), described Rumsey's adjustment to supervision as "poor." The CCO recommended Rumsey's SSOSA be revoked. The court did not revoke his SSOSA, but imposed credit for time served and a new condition requiring Rumsey to obtain approval from his CCO before using the internet and permitted the CCO to make random searches of his devices to monitor compliance with his condition.

In October 2017, Rumsey's GPS monitor showed him spending the night at a house in Tacoma. After a polygraph exam, he admitted to having a sexual relationship with the woman who lived at the house. This violated a condition of his SSOSA requiring Rumsey to notify his CCO and treatment provider of any new dating relationships. As this was his third violation in seven months, Rumsey's CCO recommended revocation of his SSOSA. His treatment provider terminated

2

Rumsey from his treatment program for violating his treatment rules. The court allowed Rumsey to reenroll in treatment with a new provider and imposed several supplemental conditions. One of the new conditions required Rumsey to maintain "complete honesty" with his treatment provider and CCO.

In July 2018, following another routine polygraph examination, Rumsey admitted to viewing pornography. His CCO again recommended revocation of his SSOSA. The trial court again declined to revoke his SSOSA. Instead, it sanctioned him to credit for time served and imposed additional conditions of community custody. The court noted Rumsey had "been given clear and explicit notice from the Court that 100% strict compliance of all conditions" was required.

In March 2019, Rumsey admitted to several additional violations of his SSOSA conditions. These conditions included the use of nonprescribed drugs while in custody, exchanging text messages of nude photographs, masturbating to videos, and "making out" with an intoxicated woman on a bus. Rumsey had also been soliciting nude photographs from several women on the social networking service Facebook. In response, his CCO, treatment provider, and the prosecutor all recommended revocation of his SSOSA.

The trial court revoked Rumsey's SSOSA. It found all six violations contained in the March 2019 notice of violation were committed. It found two violations for controlled substances, Suboxone and Seroquel, had been used by Rumsey without a prescription. Third, it found Rumsey had possessed sexually explicit materials intended for sexual gratification. Fourth, it found he failed to

3

maintain complete honesty regarding his life and behaviors with his treatment provider and CCO. Fifth, it found he had attempted to enter, remain, or participate in a sexual, dating, and/or romantic relationship. And, finally, it found he had failed to complete the sex offender treatment program by being terminated from his program.

Rumsey appeals.

DISCUSSION

Rumsey asserts there was insufficient evidence to support the alleged violations for use of controlled substances and possession of sexually explicit materials. Further, he asserts two of the violated conditions of custody were unconstitutionally vague. First, he challenges the condition requiring him to maintain complete honesty regarding his life and behaviors with the treatment provider and CCO is unconstitutionally vague. Next, he challenges the condition prohibiting him from attempting to enter, remain, or participate in any sexual, dating, and/or romantic relationship until further order of the court. Finally, he asserts that because the trial court relied on improper grounds, he is entitled to a new revocation hearing.

A SSOSA may be available for some people convicted of sex crimes who meet statutory criteria. State v. Osman, 157 Wn.2d 474, 477 n.3, 139 P.3d 334 (2006); RCW 9.94A.670(2). If the court determines a SSOSA is appropriate, it will impose a sentence or a minimum term of sentence within the standard range. RCW 9.94A.670(4). If the sentence imposed is less than 11 years of confinement,

4

the court may suspend the sentence. Id. Required conditions of the suspended sentence include placing the defendant on community custody. RCW 9.94A.670(5)(b). The court may also impose crime-related prohibitions as conditions of the suspended sentence. RCW 9.94A.670(6)(a).

A SSOSA sentence may be revoked at any time if there is sufficient proof to reasonably satisfy the court that the offender has violated a condition of the suspended sentence or failed to make satisfactory progress in treatment. State v. Miller, 180 Wn. App. 413, 416, 325 P.3d 230 (2014); see also RCW 9.94A.670(11). Revocation of a suspended sentence due to violations rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Miller, 180 Wn. App. at 416-17. A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. State v. Sassen Van Elsloo, 191 Wn.2d 798, 806, 425 P.3d 807 (2018).

Findings of fact are reviewed under a substantial evidence standard, defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true. In re Custody of A.T., 11 Wn. App. 2d 156, 162, 451 P.3d 1132 (2019).

The revocation of a suspended sentence is not a criminal proceeding, but rather an extension of the original criminal conviction. State v. McCormick, 166 Wn. 2d 689, 699-700, 213 P.3d 32 (2009). Accordingly, an offender facing a revocation of a suspended sentence has only minimal due process rights. Id. at 700.

I. Community Custody Conditions

A. Sufficiency of the Evidence Challenge

1. Possession of Sexually Explicit Material

Rumsey contends there was insufficient evidence to support the trial court's conclusion that he committed the third violation, possession of sexually explicit materials intended for sexual gratification. The State concedes there was not substantial evidence to support this violation. Its concession is well taken.

2. Use of Controlled Substances

Rumsey further asserts the alleged violations involving the use of controlled substances were legally insufficient to constitute violations of his community custody conditions.

Rumsey's conditions of community custody required that he "[n]ot possess or consume controlled substances except pursuant to lawfully issued prescriptions." The trial court found Rumsey had two violations of his community custody agreement for use of controlled substances, Suboxone and Seroquel, without a prescription. It is undisputed that Rumsey took the drugs and did so while confined in King County Jail.

In his opening brief, Rumsey relied on the argument that conduct occurring in jail cannot constitute a violation of community custody conditions because a person in total confinement is not in community custody. The State countered that in Washington, community custody conditions remain enforceable even while the offender is incarcerated. In re Pers. Restraint of Dalluge, 162 Wn.2d 814, 819 177

6

P.3d 675 (2008) (holding the department of corrections retains supervisory power and responsibility while offenders on community supervision are confined). In his reply, Rumsey concedes the "technical violation," as Dalluge precludes his argument.

We hold there was sufficient evidence to support the trial court's finding of two violations of the community custody agreement for use of a controlled substance.

B. Constitutional Challenges

Additionally, Rumsey challenges two conditions of community custody as unconstitutionally vague.

We review a trial court's imposition of crime-related conditions of community custody for abuse of discretion. State v. Irwin, 191 Wn. App. 644, 656, 364 P.3d 830 (2015). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. Sassen Van Elsloo, 191 Wn.2d at 806. Imposition of an unconstitutional condition would, of course, be manifestly unreasonable. State v. Bahl, 164 Wn.2d 739, 753, 193 P.3d 678 (2008).

The sentencing court may impose conditions that restrict a defendant's constitutional rights provided those conditions are imposed sensitively. Id. at 757. Limitations on constitutionally-protected conduct must be "narrowly tailored and directly related to the goals of protecting the public and promoting the defendant's rehabilitation." Id.

The due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the state constitution requires that citizens have fair warning of proscribed conduct. Id. at 752. A community custody condition is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement. State v. Padilla, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). But, "impossible standards of specificity are not required." City of Seattle v. Eze, 111 Wn.2d 22, 26, 759 P.2d 366 (1988).

1. Honesty with Treatment Provider

The trial court found that Rumsey violated a condition of community custody requiring him to "[m]aintain complete honesty regarding life and behaviors with the treatment provider and CCO." Rumsey argues this condition is unconstitutionally vague. The State maintains that a differently worded condition requiring honesty in more specific terms would pass constitutional muster. But, the State concedes that the condition in this case was impermissibly vague.

We accept the State's concession.

2. Prohibition on Dating

After the third time his CCO moved to revoke Rumsey's SSOSA, the court imposed additional conditions, including that he "not attempt to enter, enter, [sic] remain, or participate in any sexual, dating, and/or romantic relationship until

8

further order of this Court." Rumsey challenges the constitutionality of this condition.

Rumsey exchanged messages of a sexual nature with several women on the Facebook Messenger[2] application. Rumsey had also admitted to "making out" with a woman on a bus who it was later determined he had met on Facebook. The court stated,

> He had the contact. He admitted to the contact. It's the type of contact that the Court is concerned about within the context of a SSOSA. And for all those reasons, and based on the evidence that I've heard, . . . I am reasonably satisfied that there is a breach of [the] condition.

Rumsey argues the supplemental condition contains at least one vague term.

In Nguyen, our Supreme Court held the phrase "dating relationship" is not an unconstitutionally vague term. State v. Nguyen, 191 Wn.2d 671, 683, 425 P.3d 847 (2018). It distinguished the phrase from the language "significant romantic relationship" which had been found unconstitutionally vague by the Second Circuit. Id. at 682-83 (discussing United States v. Reeves, 591 F.3d 77, 79 (2d Cir. 2010)). Though it made no ruling on the term "significant romantic relationship," it noted the "terms 'significant' and 'romantic' are highly subjective qualifiers, while 'dating' is an objective standard that is easily understood by persons of ordinary intelligence. Id. at 683.

---

[2] "Facebook Messenger" is a mobile app that enables text, voice, and video communications between Facebook web-based messaging and smartphones.

In <u>Casimiro</u>, the court considered the constitutionality of a condition requiring Casimiro to notify his CCO and treatment provider "'of any romantic or sexual relationship.'" <u>State v. Casimiro</u>, 8 Wn. App. 2d 245, 251, 438 P.3d 137, 140, <u>review denied</u>, 193 Wn.2d 1029, 445 P.3d 561 (2019). In light of <u>Nguyen</u>, it retained the language "sexual relationship," but remanded to strike the word "romantic," suggesting the trial court consider substituting "dating relationship" in its place. <u>Id.</u>

Rumsey argues the term "sexual relationship" may be constitutional, but his communications with women on Facebook could not constitute a "relationship." He provides no authority for the assertion that contact must be in-person. But, the condition forbids Rumsey from even <u>attempting</u> to enter any sexual, dating, <u>and/or</u> romantic relationship. Rumsey communicated with "at least 20" women on social media. In these conversations, he described sex acts, asked questions about sexual preferences, and requested sexually explicit photographs. He attempted to make plans to meet up with several women in person. He lied about knowing a woman with whom he had a physical sexual encounter on the bus. It would be clear to an ordinary person that this conduct violated the condition.

Striking the term "romantic" so that only "any sexual and/or dating" would qualify the word "relationship" would provide additional certainty to this condition. But, a convicted person is not entitled to complete certainty as to the exact point at which his actions would be classified as prohibited conduct. <u>Nguyen</u>, 191 Wn.2d at 681. Instead, the proscribed conduct is required to be sufficiently definite only

in the eyes of an ordinary person. Id. Taken together, this language is not vague. An ordinary person would understand this condition and understand Rumsey's conduct to violate it.

We hold this condition was not unconstitutionally vague, but clarification in light of Nguyen is desirable.

## II. New Revocation Hearing

Rumsey argues because the trial court relied on several improper grounds to revoke his SSOSA, Rumsey is entitled to a new revocation hearing. The State contends notwithstanding its concessions, "any reasonable review of the record shows the trial court would have revoked Rumsey's SSOSA."

Washington has not established a standard of review for instances where some, but not all, of the violations supporting revocation are found to be invalid. Analogy may be drawn to the imposition of an exceptional sentence on multiple grounds, some of which are subsequently invalidated on appeal. In that circumstance, the rule is that resentencing is required unless the trial court gave indication that it would have imposed the same sentence based solely on a valid factor. See, e.g., State v. Gaines, 122 Wn.2d 502, 512, 859 P.2d 36 (1993).

Here, substantial evidence supported finding Moore was not amenable to treatment. Four of the six bases for the revocation remain. He concedes he twice violated a condition related to use of controlled substances. His treatment provider stated at the revocation hearing that Rumsey avoided talking about his sexual deviancy. Instead, he was focused on seeking approval to consume alcohol and

11

marijuana. This is especially notable given Rumsey's contention that his predatory behavior was caused by his drug use. He attempted to engage or engaged in sexual relationships on Facebook.

The trial court found he had failed to complete his sex offender treatment program when he was terminated from his program. Rumsey argues he was removed from treatment due only to his lack of complete honesty, which is tied to an improperly found violation. Rumsey's treatment provider discussed Rumsey's dishonesty, but it was not confined to the context of his condition violation:

> "The new allegations include; prescription medication without a prescription, for the buzz. Sexting with and possibly attempting to meet parents of underage children, kissing a woman on a bus who may have been under the influence of alcohol, and sexual pic[ture]s. He did not disclose any of this to us although he had three or four group sessions to do so. We require honesty and compliance. He appears to have established a pattern of rapid recidivism, relapse and delayed disclosure or in this case discovery by his corrections officer during an investigation."

This was the second time Rumsey had been removed from his treatment program by his provider. Rumsey repeatedly and consistently violated his SSOSA, resulting in his CCO and others moving to have it revoked on three previous occasions. The trial court warned Rumsey after imposing additional conditions in lieu of revocation that "100% strict compliance of all conditions" was required. Given Rumsey's multiple validly-found violations, it is all but certain the court would have revoked his SSOSA absent the two invalid violations.

We affirm the revocation of the SSOSA and remand for resentencing to correct and clarify the community custody conditions.

_Appelwick, J._

WE CONCUR:

_Chun, J._